DAWSON COMPRESS AND STORAGE COMPANY *v.* CITY COUNCIL OF DAWSON *et al.*

The act of 1891 (Political Code, § 717 et seq.), empowering the authorities of each town or city to elect three freeholders as assessors to value and assess all the property in the town or city liable for taxation, was an amendment to the charter of every town or city in the State which did not at the time of its passage have the full power conferred by the act. The fact that a given city already had the power to appoint assessors to assess real property only did not, under the proviso in the act, prevent it from taking effect in such city so as to authorize the election of assessors to assess the value of personalty.

Argued March 27, — Decided April 24, 1899.

Petition for injunction. Before Judge Sheffield. Terrell superior court. May term, 1898.

*J. H. Guerry* and *James G. Parks*, by *Rosser & Carter*, for plaintiff.
*M. C. Edwards Jr.* and *H. P. Wilkinson*, for defendants.

SIMMONS, C. J. The municipal authorities of the city of Dawson appointed three assessors to assess the real and personal property within the corporate limits of the city. They made an assessment upon certain personal property of the Dawson Compress and Storage Company, and the company refused to

pay the assessment. A tax execution was issued and levied upon the property of the company.. It filed an equitable petition praying an injunction against the levying officer and the city authorities, on the ground, principally, that the municipal authorities had no right to appoint assessors to value and assess personal property. At the hearing the injunction was refused. The company excepted.

Under the charter granted the city of Dawson in 1883, the municipal authorities of that city were given power to appoint assessors to value and assess real property only. By the act of 1891, now section 717 et seq. of the Political Code, the General Assembly granted the power to all towns and cities in the State to appoint assessors to value and assess all the property, real and personal, within their limits and subject to taxation. This act contained a proviso that it should "not affect towns or cities now having the power to appoint assessors." This act, upon its adoption, became an amendment to the charters of all the towns and cities in the State, except those having already the power to appoint such assessors. The fact that the city of Dawson had already the power to appoint assessors of real estate did not prevent the act from applying to its charter. Properly construed, the proviso in the act excepts only those towns and cities which had already the power to appoint assessors with authority such as that provided in the act. The act applied to all towns and cities except those, and they were left with the power they already possessed. There is some difference between the machinery provided by the act in the matter of appeals from the assessors and that provided by the ordinance of the city of Dawson; but all that it is necessary to say in regard to this is that where the law and the ordinance conflict, the former must prevail. Whether this is true or not, the plaintiff in error did not attempt to appeal in accordance with either the act or the ordinance. We think, therefore, that the court did not err in refusing an injunction.

*Judgment affirmed. All the Justices concurring.*